UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 10-CV-406-KSF

BETTY JEAN O'KULY, PLAINTIFF

V. **MEMORANDUM OPINION AND ORDER**

SANDRA HENSON, ET AL., DEFENDANTS

\* \* \* \*

Plaintiff Betty Jean O'Kuly, *pro se*, filed this action pursuant to 28 U.S.C. § 1331 challenging a proceeding in Breathitt Circuit Court, Case No. 08-CI-0351, concerning the administration of the estate of her deceased brother, Green Stamper. Plaintiff challenges the appointment of Sandra Henson, as administrator of Green Stamper's estate, and she requests this Court to enjoin the proceeding pending in the Breathitt Circuit Court.

In *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997), the Sixth Circuit established that the district court is required to screen all *pro se*[1] cases, both prisoner and non-prisoner. Non-prisoner complaints are screened under 28 U.S.C. § 1915(e)(2). Thus, this case is subject to initial screening, which must occur before the Complaint is served to any defendant.

**DISCUSSION/ANALYSIS**

At the outset, the Court has been advised by the Clerk of the Court for Breathitt Circuit Court that the proceeding in Breathitt Circuit Court, Case No. 08-CI-0351, concerning the administration of the estate of Green Stamper, Plaintiff's deceased brother, was dismissed for lack of prosecution. However, the Clerk of the Court also advised this Court that another action has been filed in

---

[1] A *pro se* pleading is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).

Breathitt Circuit Court, No. 10-CI-155, concerning the same subject matter as the dismissed case that is currently a pending case.

The *pro se* Plaintiff apparently misunderstands the role of this Court. To the extent that she wishes to challenge any aspect of any proceeding in Breathitt Circuit Court concerning the administration of Green Stamper's estate, she is advised that a civil action such as this is barred by *Younger v. Harris*, 401 U.S. 37 (1971) (directing abstention by the federal courts if matters are pending in a state proceeding as a matter of comity between state and federal courts). If, however, the administration of Green Stamper's estate has been resolved, plaintiff is advised that a civil action such as this in this Court is barred under the *Rooker-Feldman* doctrine. This doctrine, described as "a combination of the abstention and *res judicata* doctrines, stands for the proposition that a federal district court may not hear an appeal of a case already litigated in state court. A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)). However displeased Plaintiff is with the appointment of Sandra Henson as the Administrator of the Estate of Green Stamper, Deceased, or with any other aspect of the administration of Green Stamper's estate, her remedy is not to file a civil action in federal court. Instead, she must pursue appeals of that decision through Kentucky's appellate courts – to the level of the Commonwealth's Supreme Court – and then on to the Supreme Court of the United States.

Accordingly, **IT IS ORDERED** that Plaintiff's complaint will be **DISMISSED**, *sua sponte*, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named Defendants.

This April 27, 2011.

Signed By:
*Karl S. Forester* KSF
United States Senior Judge